```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA,

                    Plaintiff,              MEMORANDUM AND ORDER
                                            00 CR 0086 (ILG)
        -against-

HASAN VAUGHN,

                    Defendant.
-----------------------------------------------x
```

GLASSER, United States District Judge:

The defendant, *pro se*, has moved this Court for an Order that would dismiss what he references to be an Indictment numbered 98 CR 54, alleging ineffective assistance of counsel and a violation of the Equal Protection clause of the United States Constitution. He cites as authority for the relief he seeks 18 U.S.C. § 3583(i). His reference to Indictment No. 98 CR 54 is plainly erroneous. He is not named in that numbered indictment. The indictment in which he was charged and which has been the subject of extensive litigation is 00 CR 86.

The defendant was sentenced on February 9, 2001 to a term of imprisonment of 120 months to be followed by 5 years of supervised release following his plea of guilty to Taking a Motor Vehicle by Force and Violence with Intent to Cause Death and Serious Bodily Harm in violation of 18 U.S.C. § 2119. His term of supervised release commenced on September 16, 2008.

On August 25, 2009, a violation of supervised release was filed and a warrant for his arrest was issued. Dkt. Nos. 106, 107. He was arrested on September 22, 2009, and

remanded. While in custody, in December 2009, he was indicted by a Grand Jury in Suffolk County, New York and charged with arson and three counts of murder. He was arraigned on those charges in Suffolk County Criminal Court on February 4, 2010. The hearing on the violation of supervised release was continuously adjourned on consent pending the disposition of the serious crimes with which he was charged in the state court. Following a trial, he was convicted on three counts of murder and one count of arson and sentenced on June 19, 2013 to life imprisonment without parole on one count of Murder 1 and to 25 - life on three counts of Murder 2 and to 25 years for arson.

His motion is predicated on his claim of being kept in federal custody after the term of his supervised release had expired and his ineffective assistance claim is predicated upon never being informed about the status of the violation of supervised release with which he was charged in 2009.

As regards his claim of being kept in custody beyond the expiration of his term of supervised release, it is without merit. 18 U.S.C. § 3583(i) provides that supervised release may extend beyond the expiration of its term for as long as necessary to decide matters arising before its expiration if a warrant or summons was issued before its expiration on the basis of an alleged violation of supervised release.

As regards the status of that violation, on July 22, 2013, the Court dismissed the pending violation charge upon motion of the United States Probation Officer given that the defendant was going to remain in prison for the rest of his life. It would appear that

the defendant had not been notified of that disposition.

Although no mention is made of 28 U.S.C. § 2255 in his submission as a basis for this motion, given his imprisonment for life without parole, notification that his motion is regarded as one made pursuant to that section absent his successive § 2255 limitation demurrer is surely academic.

For the foregoing reasons, his motion is denied.

SO ORDERED.

Dated:     Brooklyn, New York
             April 22, 2014

                                                          s/
                                                I. Leo Glasser

Filed by ECF and copy mailed to:

Hasan Vaughn
58068-053
Box 329002
Brooklyn, NY 11232